IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lester Sensing, | ) | C/A No.: 6:10-cv-03084-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Lester Sensing, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision

1

as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

A reviewing court will reverse the Commissioner's decision if it contains an error of law or fails to provide the court with sufficient reasoning to determine if the Commissioner properly applied the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).

Plaintiff filed his application for disability benefits in January 2006, alleging disability as of August 10, 2005, due to chronic obstructive pulmonary disease, cardiovascular disease, depression, anxiety disorder and alcohol dependence. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on January 28, 2009. The ALJ thereafter denied plaintiff's claims in a decision issued on March 18, 2009. The claimant requested review by the Appeals Council, which received additional evidence but denied the request for review. The ALJ's findings thus became the final decision of the Commissioner of Social Security. Plaintiff has now appealed to the federal court.

The claimant was 44 years old on the alleged onset date. He testified that he completed either the ninth or the eleventh grade. (Supp. Tr. p. 878). His past work experience includes employment as a detailer, janitor, mechanic, and gate guard.

Under the Social Security Act, the plaintiff's eligibility for benefits hinges on whether he "is

2

under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id.* at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by showing that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 404.1561; (2) age, *id.* at § 404.1563; (3) education, *id.* at § 404.1564; (4) work experience, *id.* at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from

3

some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case in his decision dated March 18, 2009:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since August 10, 2005, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*)

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), cardiovascular disease, depression, anxiety disorder and a history of alcohol dependence (20 C.F.R. §§ 404.1521 *et seq.* and 416.921 *et seq.*).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.926).

5. After careful consideration of the entire record, I find that the claimant has the RFC to stand/walk for 6 hours and sit for 6 of 8 hours in a workday, to lift a maximum of 10 pounds frequently and a maximum of 20 pounds occasionally; can frequently climb ramps/stairs, but can never climb ladders/ropes/scaffolds; can frequently balance, stoop, kneel, crouch, and crawl; needs to avoid concentrated exposure to fumes, dust and gases and to hazards such as machinery and heights; is limited to simple one and two-step tasks; and can never have contact with the public.

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

7. The claimant was born on May 4, 1961 and was 44 years old, which is defined as a younger individual age 18-49, on the

4

alleged onset date (20 C.F.R. §§ 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404. Subpart B, Appendix 2).

10. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969 and 416.969(a)).

(Tr. pp. 7-30).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On February 10, 2012, Magistrate Kevin F. McDonald filed a report and recommendation ("R&R") suggesting that the decision of the Commissioner should be affirmed. The plaintiff filed objections to the R&R on February 27, 2012.[1] The defendant filed a response to Plaintiff's objections on March 7, 2012.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may

---

[1] Plaintiff does not object to the portions of the Magistrate's recommendation regarding the treating physicians or the credibility of the plaintiff. The Court has reviewed these portions of the Report and Recommendation for clear error and finds none. Therefore, those portions of the Report are adopted without further discussion.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **PLAINTIFF'S OBJECTIONS**

In his objections to the R&R, Plaintiff asserts that the ALJ improperly failed to include a moderate limitation in concentration, persistence, or pace in the hypothetical to the VE.[2] Additionally, he objects to the finding by the Magistrate that, in spite of the fact that the transcript is missing a page

---

[2] Plaintiff also seems to argue for the first time in his objections to the Report and Recommendation that the **RFC** should have included a limitation as to concentration, persistence, or pace. As noted by the ALJ in his discussion at steps Two and Three, and as explained in SSR 96-8p, "[t]he limitations identified in the 'paragraph B' criteria are not an RFC assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p)." (Tr. p. 23-24). The ALJ thoroughly discusses the evidence and finds that his "RFC assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." *Id.* The ALJ then makes a credibility determination adverse to the claimant and finds that the claimant has the RFC to perform unskilled, light work but that he is limited to simple one and two-step tasks without contact with the public. It is clear that the ALJ considered the plaintiff's limitations in concentration, persistence, and pace in reaching his RFC assessment. (The plaintiff cites cases from outside this Circuit in his objections which relate more closely to his related arguments regarding the hypothetical question to the VE. Those cases will be discussed *infra*.)

6

from the testimony of the VE, it is not necessary to remand the case for the purpose of developing the record.

## **REGULATORY FRAMEWORK FOR ALLEGED MENTAL IMPAIRMENTS**

The plaintiff's objections relate to the alleged disability of the claimant based on mental impairments. When a claimant alleges a mental impairment, the Commissioner must "follow a special technique at every level in the administrative review." 20 C.F.R. §§ 404.1520a, 416.920a(a). First, the claimant's signs, symptoms, and laboratory reports should be evaluated in order to determine whether the claimant has a medically determinable impairment. If such impairment exists, then the Commissioner documents its findings. Then, he determines the degree of functional limitation resulting from the impairment under 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Section 404.1520a(c) provides:

> (c) *Rating the degree of functional limitation*.
>
> (1) Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment.
> (2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments . . . for more information about the factors we consider when we rate the degree of your functional limitation.
> (3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; **concentration, persistence, or pace**; and episodes of decompensation. See 12.00C of the Listing of Impairments.
> (4) When we rate the degree of limitation in the first three functional areas (activities

7

of daily living; social functioning; and **concentration, persistence, or pace**), we will use the following five-point scale: None, mild, moderate, marked, and extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity. (Emphasis added).

After rating the degree of functional limitation from the impairment, the Commissioner determines the severity of the limitation. A rating of "none" or "mild" in the first three functional areas (activities of daily living, social functioning, and concentration, persistence, or pace) and "none" in the category of episodes of decompensation results in a finding that the impairment is not severe unless evidence shows more than minimal limitation in the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1). Finally, if the impairment is considered severe, then the Commissioner must compare the medical findings concerning the severe impairment and the rating and degree and functional limitation to the criteria of the listed mental disorder to determine whether the severe impairment meets a listing. If the Commissioner finds that the claimant's severe impairment does not meet or equal a listed mental disorder, then he assesses the claimant's RFC.

## **ANALYSIS**

*Alleged Improper Hypothetical to VE*. Plaintiff argues that the ALJ found "significant" limitations in concentration, persistence, and pace and that these limitations should have been reflected in the hypothetical question to the VE.[3] The Court assumes that the plaintiff means to say that the ALJ found "moderate" limitations, as the ALJ does not refer to the limitations as "significant".

State agency physician, Tenuka R. Harper, Ph.D, found that medically determinable mental

---

[3] Plaintiff's counsel questioned the VE at the hearing but did not mention "concentration, persistence, and pace" in his questions. Nor did he request the ALJ to include this in the hypothetical at the hearing.

impairments were present (MDD, anxiety, and probable substance abuse) but that those impairments did not meet the requirements of any listing. She evaluated the functional limitations in Paragraph B of Listings 12.04, 12.06, and 12.09 and found moderate limitations in activities of daily living, maintaining social functioning, maintaining concentration, persistence, or pace and one or two episodes of decompensation. She found that the evidence does not establish the presence of the "C" criteria. After finding the impairments did not meet a listing, she performed an RFC assessment and concluded that the claimant was moderately limited in understanding and remembering detailed instructions, carrying out detailed instructions, interacting with the public, and setting realistic goals. (Tr. pp. 519-535). The ALJ found that the assessments by the state agency medical consultants were well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence of record.

The portion of the ALJ's hypothetical to the vocational expert which is contained in the record before this Court[4] indicates the claimant could do frequent stooping, kneeling, crouching, and crawling and should avoid fumes. It also states that " this individual could do simple, one, two-step tasks. . . (and) have no contact with the public." (Docket Entry #17-1, p. 77). The VE responded that "20 pounds maximum lifting and 10 pounds frequently describes light work in my opinion with the further restrictions that you listed." *Id.* He stated that the claimant could not perform his past relevant work, but that he could perform other light, unskilled jobs in the national economy such as small parts assemblers, electrical assembler, and nut and bolt assembler.

"The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there

---

[4] The page containing the beginning of the ALJ's hypothetical question is missing. This will be discussed in connection with the plaintiff's second objection that the record is incomplete.

is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989)(internal citations omitted). "There is no obligation, however, to transfer the findings on the PRTF (Psychiatric Review Technique Form) verbatim to the hypothetical question." *Yoho v. Comm'r*, 168 F.3d 484 (4th Cir. 1998)(unpublished opinion finding "that the ALJ's hypotheticals were supported by the evidence and fairly set out Yoho's impairments" where the ALJ had indicated on the PRTF that the claimant "often" had deficiencies in concentration, persistence or pace, but in his hypothetical to the VE had referred to the deficiencies as "slight".)

Plaintiff cites several cases from outside this circuit for the proposition that a reference in a hypothetical to "simple tasks" or unskilled work is not sufficient to account for mental impairments such as difficulty with memory or concentration. *See, e.g., Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009); *Ramirez v. Barnhart*, 372 F.3d 546 (3rd Cir. 2004). *See also, Winschel v. Comm'r*, 631 F.3d 1176, 1180 (11th Cir. 2011) (directing ALJ on remand to pose a hypothetical question to the VE that specifically accounts for the claimant's moderate limitation in maintaining concentration, persistence, and pace). The Fourth Circuit in *Thompson v. Astrue*, 442 Fed. Appx. 804 (4th Cir. 2011)(unpublished) noted and distinguished *Ramirez* and *Winschel* in footnote 2, stating, "The Third and Eleventh Circuits both noted that 'there may be a valid explanation for this omission from the ALJ's hypothetical,' . . . but such explanation was not supported by the record. Here, although the ALJ gave (the claimant) the benefit of the doubt at step two, finding her depression and anxiety disorders were severe impairments, at step four the ALJ noted that (she) had been successfully treated and therefore concluded that her

10

mental residual functional capacity ('RFC') was not restricted." Importantly, the Eleventh Circuit in *Winschel* recognized that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Winschel*, 631 F.3d at 1180, citing *Simila v. Astrue*, 573 F.3d 503, 521-22 (7th Cir. 2009); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-76 (9th Cir. 2008); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001).

The ALJ's decision that Sensing can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace is supported by substantial evidence, and the hypothetical was appropriate. The Mental Residual Functional Capacity Assessment completed by Dr. Harper upon which the ALJ relied found that Sensing was moderately limited in the ability to understand, remember, and carry out **detailed** instructions, interact appropriately with the public, and set realistic goals. (Tr. pp. 533-534). She found the claimant **not** to be significantly limited in understanding, remembering, and carrying out short, simple instructions. James Ruffing, Psy.D., performed a consultative psychological evaluation of the plaintiff in 2006 and found he had a depressive disorder and an anxiety disorder and that he would have difficulty with concentration. However, he found that he could perform simple tasks. (Tr. 466-68). Dr. Ruffing evaluated the plaintiff again three years later in 2009 and found that Plaintiff would have difficulty focusing on an extended basis, but he also believed that the plaintiff had over-reported his symptoms. (Tr. 710-15).

Unskilled work is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). The medical evidence of record shows that Sensing can engage in simple, routine tasks or unskilled work despite limitations

11

in concentration, persistence, and pace. Therefore, limiting the hypothetical in this case to include simple one, two-step tasks and avoiding contact with the public sufficiently accounts for such limitations.

*Sufficiency of Administrative Record*. Plaintiff contends that the case should be remanded because the administrative record is inadequate for review by the court. The Court disagrees. It is unfortunate that the page containing the first part of the ALJ's hypothetical question to the VE is missing. However, the ALJ states in his opinion that he "asked the VE whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and RFC." (Tr. 29). No one disputes that the VE was questioned based upon the RFC as determined by the ALJ. Plaintiff was represented at the administrative hearing by the same attorney who represents him now. Additionally, the record does contain the part of the hypothetical which is most at issue, i.e., the part that refers to "simple, one, two-step tasks" and "no contact with the public". As noted by the Magistrate Judge, "the omission of a small part of the hypothetical question from the transcript represents, at most, harmless error and as such provides no basis for remand." (R&R, p. 22).

## **CONCLUSION**

After carefully reviewing the record in this matter, the applicable law, and the positions of the parties, the court overrules all objections, adopts the recommendation of the Magistrate Judge, and affirms the decision by the Commissioner.

**IT IS SO ORDERED**.

                                                         s/R. Bryan Harwell
                                                         R. Bryan Harwell
                                                         United States District Judge

March 26, 2012
Florence, South Carolina